### SCHNEIDER v. BEAVER.

(Supreme Court, Appellate Term, First Department. June 26, 1916.)

STREET RAILROADS ⊂⊃114(1)—INJURIES ON TRACKS—SUFFICIENCY OF EVIDENCE.
    In an action against a street railway for injuries on its track, plaintiff's uncorroborated evidence, qualified by his own admissions that he did not know which way he was going or where he was, and remembered nothing at the time, opposed to testimony of two disinterested witnesses, showing a state of facts for which the railway was blameless, held insufficient to support judgment for plaintiff.

    [Ed. Note.—For other cases, see Street Railroads, Cent. Dig. § 239; Dec. Dig. ⊂⊃114(1).]

Appeal from Municipal Court, Borough of Manhattan, Sixth District.

Action by Joseph Schneider against John Beaver, as receiver of the Second Avenue Railroad Company. From a judgment for plaintiff, defendant appeals. Judgment reversed, and new trial ordered.

Argued June term, 1916, before GUY, BIJUR, and PHILBIN, JJ.

Charles E. Chalmers, of New York City (Charles H. Tuttle and Harold R. Medina, both of New York City, of counsel), for appellant.

Sobel & Brand, of New York City (Samuel Sobel, of New York City, of counsel), for respondent.

GUY, J. The action is to recover damages for personal injuries sustained by plaintiff under the following circumstances as stated by him:

On March 1, 1915, he was walking in an easterly direction on the north side of Twenty-First street near First avenue; when he reached the northeast corner, he says he noticed one of defendant's uptown cars down near Twentieth street; that he then started to cross the avenue on the north cross-walk; that he passed over the downtown track and as he reached the uptown track the uptown car was about 20 feet away from him, and that he had almost crossed the uptown track when a wagon came along, and he stepped back onto the uptown track to avoid the wagon, and was struck by defendant's car on that track, receiving the injuries complained of. Plaintiff produced no witness to corroborate his story, and his own testimony shows that his version of the occurrence is not at all reliable; and on his cross-examination

he said that the wagon from which he backed away was "right near to the track and I don't know which way it was going, because I forgot myself altogether, and I didn't know where I was"; that he did not know whether he turned around or backed up just before he was struck by the car; and in answer to the question, "Now, then, you backed across this uptown track, didn't you?" said, "I didn't cross the track; I don't know where I was at that time; I didn't remember nothing at that time."

Defendant's evidence was that plaintiff was struck by one of defendant's downtown cars, not by an uptown car; that plaintiff had crossed the south-bound track between the cross-walks, and that when he was about to cross the north-bound track he jumped backwards from an automobile, which was proceeding uptown, against the side of the downtown car, near the door, and was thrown forward on the street. Two apparently disinterested witnesses, a passenger on the south-bound car and the driver of the automobile, testified to these facts, in addition to the motorman and the conductor of the downtown car, and the motorman stated that the car was going at a rate of about 2 miles an hour and that there was no uptown car at the scene of the accident.

A verdict for the plaintiff, based on his own uncorroborated story of the occurrence, qualified by his admissions that he did not know which way he was going or where he was, and did not remember anything at the time, and opposed to the positive testimony of two disinterested witnesses showing a state of facts for which the defendant was blameless, cannot support the judgment and requires a reversal.

Judgment reversed, and new trial ordered, with $30 costs to appellant to abide the event. All concur.